UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| POWERMOUNT, INC., Plaintiff, | ) | Civil Action No. 6: 07-372-DCR |
| V. | ) | |
| ROBERT WARD, d/b/a Converter Connection, et al., Defendants. | ) | **MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Defendants Robert Ward and Converter Connection-San Antonio, LP's motion for summary judgment. [Record No. 48] In support of this motion, the Defendants assert that it is undisputed that there are no material facts in dispute and that they are entitled to judgment as a matter of law. Plaintiff Powermount, Inc. disagrees with the Defendants' claim that material facts are undisputed. Instead, it contends that a factual dispute exists regarding whether Ward entered into the disputed contract in his individual capacity or as an agent for Converter Connection. Having reviewed the materials submitted by the parties, the Court agrees that, at this time, material factual issues preclude summary judgment. Accordingly, the Defendants' motion will be denied.

## I. The Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Barr v. Lafon*, 538 F.3d 554, 561 (6th Cir. 2008). Additionally, summary judgment is also appropriate where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (quoting *Celotex*, 477 U.S. at 322). In contrast, "summary judgment is inappropriate when the evidence raises a genuine issue of material fact." *Barr v. Lafon*, 538 F.3d 554, 561 (6th Cir. 2008). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the burden to show that no genuine issue of material fact exists "but that burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (*citing Celotex*, 477 U.S. at 325). Once the moving party has met its burden of production, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In reviewing a party's motion for summary judgment, a court's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Barr*, 538 F.3d at 561 (*quoting Anderson*, 477 U.S. at 249). In doing so, all

evidence must be viewed in the light most favorable to the nonmoving party. *Id.* However, a mere scintilla of evidence is insufficient defeat a motion for summary judgment. *In re Petty*, 538 F.3d 431, 439 (6th Cir. 2008). Rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Id.* Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52; *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

**II. Analysis**

This is an action for breach of an oral contract with jurisdiction based upon diversity of citizenship of the parties. The Plaintiff's Third Amended Complaint asserts claims against three related parties: (1) Robert Ward, doing business as Converter Connection; (2) Converter Connection-San Antonio, L.P., and (3) Ward Insulation, Inc. of Stephenville, Texas. [Record No. 30] More specifically, in paragraphs 2 through 7 of this pleading, the Plaintiff contends:

2. That the Defendant Robert Ward is an individual who has his office and principal place of business, as well as his residence in a state other than the Commonwealth of Kentucky; that said Defendant is a citizen of the State of Texas.

3. It is believed that the Defendant, Robert Ward, doing business as "Converter Connection," has his office and principal place of business at 3229 Highway 376 North, Stephenville, Texas 76401.

4. That the Defendant Robert Ward, d/b/a Converter Connection, has asserted that he is not the proper party involved in the business transactions at issue herein, and that the Defendant Robert Ward has asserted that such entity is "Ward Insulation, Inc.," d/b/a Converter Connection, with an address of P.O. Box 1076, Stephenville, TX 76401, and that the said Robert L. Ward is the said registered agent therefore.

5. That, according to the information available from the Texas Secretary of State, there is an entity associated with Defendant Robert Ward which does use the name "Converter Connection," namely, "Converter Connection-San Antonio, L.P.". See Exhibit "A" attached hereto. Said entity appears to be a limited partnership, formed in the State of Texas, with another Texas corporation as the general partner, namely, Gladiator, Inc. See Exhibit "B."

** ** **

7. That the Defendant Ward, or in the alternative, the Defendant Converter Connection-San Antonio, L.P., or in the alternative the Defendant Ward Insulation, Inc., or any combination of said Defendants, transacted business in the Commonwealth of Kentucky by contracting to purchase goods from the Commonwealth of Kentucky furnished by the Plaintiff, and agreeing to pay Plaintiff therefore . . .

[Record No. 30, pp. 2-3] Powermount then asserts that, the "Defendants, or some of them, owe the Plaintiff the sum of $126,703.03 for goods sold and delivered by Plaintiff to Defendants between February 28, 2005 and September 1, 2005." [Record No. 30, p. 4, ¶ 12]

In their motion for summary judgment, the Defendants continue to assert that Ward has been improperly named as a party to this action. They argues that, "at issue in this lawsuit is the delivery of certain goods from Ward Insulation d/b/a Converter Connection . . . to the Plaintiff, Powermount, Inc. According to the Defendants:

> The business dealings between Insulation and Powermount began sometime in January 2005 when Ward, who was acting on behalf of Insulation, went to the Powermount location in Somerset [Kentucky] and discussed selling catalytic converters and cut catalyst to Plwarmount. . . . Prior to beginning business together, the Defendant Ward gave to Powermount a copy of wiring instructions wherein Insullation was to be paid for the catalytic converters. . . . The parties have testified in this matter and it is clear that Robert Ward was acting as an agent of Insulation. As such, no testimony was given as to any type of personal guarantees or assurances by any party. There are no signed guarantees. Therefore other than the fact that Mr. Ward was attempting to negotiate a sale of goods from Insulation, there is no other allegations of any type regarding Ward. Converter Connection-San Antonio, LP, has never been a party to any transaction, has done no business with Paramount, and . . . there are no allegations that Converter Connection did anything wrong.

[Record No. 48, pp. 1-2]

The Defendants have not cited to specific portions of the record which support the factual assertions outlined above (*i.e.*, that the parties have testified that Robert Ward was acting as an agent during his discussions with the Plaintiff).[1] Further, the wire transfer transmittal request forms attached to the Defendants' pleading do not establish that the alleged contract involved

---

[1] The Plaintiff's response contains citations to Defendant Ward's January 12, 2009, deposition which indicate that Ward's business dealings with Powermount were conducted in his individual capacity. *See* Record No. 52, p. 2-3.

*only* Powermount and Ward Insulation, d/b/a Converter Connection, as parties. In summary, while evidence may be offered at trial which convinces the jury that Ward was acting only in the capacity as an agent of one entity during his dealings with Powermount, at this time, this factual issue precludes summary judgment. Accordingly, it is hereby

**ORDERED** that the Defendants' motion for summary judgment [Record No. 48] is **DENIED**.

This 29th day of May, 2009.

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**